**KIM, CHO & LIM, LLC**
Seokchan Kwak, Esq.
460 Bergen Boulevard, Suite 305
Palisades Park, NJ 07650
Tel: (201) 585-7400
Fax: (201) 585-7422
*Attorneys for Plaintiff*
seankwak@kcllawfirm.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MYUNG JOON KIM,<br><br>Plaintiff,<br><br>-against-<br><br>DKCOSMETICS; DKCOS CORP.; JONG KYUN ("JOHN") LEE and JOHN DOES 1-10 (said names being fictitious); and JOHN ROE CORPS. 1-10 (said names being fictitious),<br><br>Defendants. | Case No.:<br><br>CIVIL ACTION<br><br>COMPLAINT |

Plaintiff, MYUNG JOON KIM ("Plaintiff"), by and through his attorneys, Kim, Cho & Lim, LLC, upon their personal knowledge, and upon information and belief as to other matters, aver against Defendants, DKCOSMETICS; DKCOS CORP.; CLUB CLIO CORP.; CLUB CLIO NYC CORP.; JONG KYUN ("JOHN") KIM; JOHN DOES 1-10 (said names being fictitious); and JOHN ROE CORPS. 1-10 (said names being fictitious) (collectively, "Defendants"), as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this lawsuit as a non-exempt employee seeking recovery of unpaid overtime premium and liquidated damages therefor under the Fair Labor Standards Act ("FLSA"), the New Jersey Wage and Hour Law ("NJWHL") and their supporting rules and regulations.

2. Plaintiff brings this lawsuit as an individual as well as a representative of putative FLSA Collective Class (as defined herein), and Rule 23 Class (as defined herein) (collectively,

"Class"), of which members are similarly situated as Plaintiff was under employment with Defendants.

## PARTIES

3. Defendant DKCOSMETICS is a domestic corporation organized and existing under the laws of the State of New York.

4. Defendant DKCOSMETICS maintains a principal place of business at 18 W 33rd Street, 4th Floor, New York, NY 10001.

5. Defendant DKCOSMETICS also maintains a warehouse facility at 734 Grand Avenue, Unit A, Ridgefield, NJ 07657.

6. Defendant DKCOS Corp. maintains a principal place of business also at 18 W 33rd Street, 4th Floor, New York, NY 10001.

7. Defendant Jong Kyun Lee ("JK Lee") is the chief executive officer, president, principal, shareholder, officer, director, or otherwise authorized representative of all corporate Defendants.

8. Defendants John Does 1-10 are, upon information and belief, individuals or sole proprietorship whose identities are unknown to Plaintiff at the filing of this Complaint, but who may be liable to Plaintiff, under the FLSA or NJWHL.

9. Defendants John Roe Corps 1-10 are, upon information and belief, businesses, companies, corporations, limited liability companies or partnerships, traditional partnerships, or other judicial, legal, or *de facto* entities whose identities are unknown to Plaintiff at the filing of this Complaint, but who may be liable to Plaintiff under the FLSA or NJWHL.

10. Plaintiff Myung Joon Kim is an individual residing at 43-55 163th Street, Flushing, NY 11358.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction over Plaintiff's claims under the FLSA pursuant to 28 U.S.C. §§ 1331 (federal question) and 1337.

12. This Court has supplemental jurisdiction over Plaintiff's claims under the NYLL and NJWHL pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction).

13. The venue is proper in the District Court of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims alleged herein occurred in this district.

## DEFENDANTS WERE PLAINTIFF'S EMPLOYERS

14. Defendants, DKCOSMETICS and DKCOS CORP. (collectively, "Corporate Defendants"), are legal entities jointly doing business as "Club Clio" within and without the United States, including South Korea (under Korean corporation, Clio, Inc.) or affiliates and/or subsidiaries thereof.

15. During Plaintiff's employment with Defendants, Defendants had gross annual revenue of $500,000 or greater.

16. During Plaintiff's employment with Defendants, Defendants were engaged in the commerce of in the production of goods for commerce within the meaning of FLSA, 29 U.S.C. § 203(s).

17. Defendants were Plaintiff's and the Class (as defined below)'s employers within the meaning of the FLSA, 29 U.S.C. § 203(d).

18. Defendants were Plaintiff's and the Class's employers within the meaning of NYLL, N.Y. Lab. Law §§ 651(6).

19. Defendants were Plaintiff's and the Class's employers within the meaning of NJWHL, N.J.A.C. § 12:56-2.1.

20. All Corporate Defendants were under common ownership and constituted a joint enterprise. As such, each of the Corporate Defendants and its principal, JK Lee, were joint employers of each Plaintiff, who employed and caused Plaintiff to suffer to work for Defendants in the State of New Jersey.

### CORPORATE DEFENDANTS

21. Corporate Defendants had the power to hire and fire Plaintiff and each member of the Class.

22. Corporate Defendants had the power to set wages of Plaintiff and each member of the Class.

23. Corporate Defendants had the power to control the work schedules and/or other conditions of employment of Plaintiff and each member of the Class.

24. Corporate Defendants knew or should have known the applicable laws and regulations regarding the payment of overtime premium, the spread of hours premium, and the notice requirements.

25. Notwithstanding, Corporate Defendants willfully acted in violation of the requirements of the laws and regulations regarding the payment of overtime premium, the spread of hours premium, and the notice requirements.

26. Corporate Defendants share the same ownership, same management, and same employment policies; they have common ownership and are thus deemed joint enterprises.

### DEFENDANT JONG KYUN ("JOHN") LEE

27. Defendant JK Lee is the chief executive officer, president, principal, shareholder, officer, director, or otherwise authorized representative of all Corporate Defendants.

28. Defendant JK Lee had the power to hire and fire Plaintiff and each member of the Class.

29. Defendant JK Lee had the power to set wages of Plaintiff and each member of the Class.

30. Defendant JK Lee had the power to control the work schedules and/or other conditions of employment of Plaintiff and each member of the Class.

31. Defendant JK Lee had the power to control other individuals employed by Corporate Defendants as managers, including Hwa Young Lee and Jieun Lee, who were managers employed by the Corporate Defendants during the relevant time period, who in turn executed the orders received from JK Lee, including by hiring, hiring, setting the wages of, setting the work schedules of, and/or otherwise controlling the conditions of employment of Plaintiff and the members of the Class.

32. Defendant JK Lee controlled the method of payments made to Plaintiff.

33. Defendant JK Lee held the power to sign company checks of each Corporate Defendant.

34. Defendant JK Lee knew or should have known the applicable laws and regulations regarding the payment of overtime premium, the spread of hours premium, and the notice requirements.

35. Notwithstanding, Defendant JK Lee willfully acted in violation of the requirements of the laws and regulations regarding the payment of overtime premium, the spread of hours premium, and the notice requirements.

**THE CONDITIONS OF PLAINTIFF MJ KIM'S EMPLOYMENT**

36. Plaintiff was hired by Defendants in or about March 2018, and was employed until the end of August 2018.

37. Beginning in March through the end of August 2018, Plaintiff was employed by Defendants in the State of New Jersey at 734 Grand Avenue, Ridgefield, NJ 07657.

38. During his employment with Defendants, Plaintiff received a salary of $2,500 per month, or $575.37 per week [($2,500/month) ÷ (4.345 weeks/month) = $575.37/week].

39. During his employment with Defendants, Plaintiff was scheduled to work from 9 AM through 5:30 PM, with a 30-minute lunch break, from Monday through Friday.

40. During the entire period of Plaintiff's employment with Defendants, Plaintiff and Defendants agreed that his salary was to compensate Plaintiff for his scheduled work hours, totaling forty (40) hours of work per week.

41. Throughout Plaintiff's employment with Defendants, Plaintiff was actually required to work from 9:00 AM through approximately 11:00 PM and was often required to work until as late as 2:00 AM.

42. On average, throughout Plaintiff's employment with Defendants, Plaintiff was required to work approximately sixty-eight (68) or more hours per week.

43. During Plaintiff's employment with Defendants, Plaintiff never received any premium for overtime hours for his work hours in excess of forty (40) per week.

### FLSA, 29 U.S.C. § 216(b) COLLECTIVE ACTION ALLEGATIONS

44. Plaintiff brings his claims for relief as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of all non-exempt salaried employees of Defendants who were caused by Defendants to suffer to work at Defendants' businesses or other corporate offices maintained by Defendants for the operation of its business in the United States, on or after the date that is three years before the filing of this Complaint ("FLSA Collective Class").

45. At all relevant times, Defendants' employment practices, specifically those relating to the non-payment of overtime premium, to which Plaintiff was subject, was a corporation-wide practice to which the FLSA Collective Class was also subject.

46. At all relevant times, Plaintiff and the FLSA Collective Class were scheduled to work a predetermined number of hours, generally eight (8) hours per day for five (5) days per week, but were in fact directed to or otherwise required to work in excess of forty (40) hours in a given week.

47. At all relevant times, Plaintiff and the FLSA Collective class were and have been similarly situated, are and have been subject to substantially similar practice in payment of wages, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them overtime premium for hours worked in excess of forty (40) hours in a given workweek.

48. Plaintiff and the FLSA Collective Class were together the victims of a single corporate decision or policy to willfully fail to pay any overtime premium to their salaried employees.

49. The members of the FLSA Collective Class – non-exempt individuals employed by Defendants on a salary basis – were subject to Defendants' practice of withholding payment for overtime premium.

50. The members of the FLSA Collective Class were similarly situated as was Plaintiff.

51. The claims of Plaintiff stated herein are essentially identical to those of other FLSA Collective Class.

**FEDERAL RULES OF CIVIL PROCEDURE RULE 23 CLASS ACTION ALLEGATIONS**

52. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure Rule 23 on behalf of all non-exempt salaried employees of Defendants who were caused by Defendants to suffer to work at Defendants' business locations, warehouses, or other corporate offices maintained by Defendants for the operation of its business in the United States, on or after the date that is three years before the filing of this Complaint ("Rule 23 Class").

53. The number, identity, and last known contact information of the members of the Rule 23 Class are readily ascertainable and determinable from the records of Defendants.

54. The hours assigned to, the hours actually worked by, the position or title held by, the basis for payment to, and the rates of pay to each member of the Rules 23 Class are also determinable from Defendants' records.

55. There are numerous members of the Rule 23 Class, that joinder of all members is impracticable, and the disposition of their claims as a class action is in favor of judicial efficiency than to litigate each individual case separately. The number of the members of the Rule 23 Class unascertainable to Plaintiff at this time but are estimated to be about a hundred. The adjudication of individual claims would result in a great expenditure of the judicial and public resources.

56. Plaintiff's claims for non-payment of overtime premium brought against Defendants herein are typical of those claims which could be alleged by any member of the Rule 23 Class.

57. The remedies sought by Plaintiff against Defendants herein are typical of those claims which could be sought by any member of the Rule 23 Class.

58. The defenses which Defendants may assert against Plaintiff are typical of those which Defendants may assert against any member of the Rule 23 Class.

59. All members of the Rule 23 Class were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay overtime premium. The uniform corporate practice permeating throughout Defendants' business applied to Plaintiff and all members of the Rule 23 Class and as such, there are common questions of law and facts relating to Plaintiff's and the Rule 23 Class's claims for non-payment of overtime premium predominate over any questions affecting only individual members.

60. The common question of law and facts include whether Defendants are employers or joint employers of Plaintiff and the Rule 23 Class; whether there were corporate policies relating to the calculation and payment of overtime wages; whether Plaintiff and the Rule 23 Class were exempt or non-exempt from overtime compensation; and whether Defendants acted willfully with respect to their violation of the FLSA and the NJLL.

61. Plaintiff is able to fairly and adequately protect the interests of the Rule 23 Class and have no interests antagonistic to the Rule 23 Class. Plaintiff is represented by attorneys who are experienced and competent in the field of employment law and therefore are capable of providing adequate representation of all the members of the Class.

62. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, specifically in the context of the wage and hour litigation, where individual employees lack the financial resources to vigorously prosecute a lawsuit and/or are in fear of retaliation by a large multi-national employer with respect to their current and/or future employment. A class action provides a degree of anonymity which allows for the vindication of the rights and significantly reduces these risks of retaliation or other adverse action by the employer.

63. The prosecution of separate actions by the numerous of members of the Rule 23 Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Rule 23 Class which would establish incompatible standards of conduct for the party in opposing the class or, in the alternative, create a risk of adjudications with respect to individual members of the Rule 23 Class which would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interest.

64. This Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

**FIRST CAUSE OF ACTION**
FLSA: UNPAID OVERTIME PREMIUM

65. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

66. At all relevant times, Defendants maintained a gross annual revenue of $500,000.

67. At all relevant times, Defendants were engaged in commerce or the production or sale of goods for commerce, within the meaning of 29 U.S.C. §§ 201, *et seq.*

68. At all relevant times, Defendants were joint employers of Plaintiff and the Class as defined under 29 U.S.C. §§ 201, *et seq.*

69. At all relevant times, Plaintiff and the Class were employees of Defendants as defined under 29 U.S.C. §§ 201, *et seq.*

70. During Plaintiff's and the Class's employment with Defendants, Defendants failed to pay Plaintiff and the Class the required overtime premium at a rate not less than one and one-half (1 1/2) times the regular rate or the applicable minimum wage as required under 29. U.S.C. § 207(a)(1).

71. Defendants' failure to pay Plaintiff and the Class the applicable overtime premium was willful within the meaning of 29 U.S.C. § 255(a).

72. As a result of Defendants' failure to pay, Plaintiff and the Class suffered damages in an amount to be determined at trial.

**SIXTH CAUSE OF ACTION**
NJWHL: UNPAID OVERTIME PREMIUM

73. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

74. At all relevant times, Defendants were Plaintiff's and the Class's joint employers within the meaning of the NJWHL, N.J.S.A. § 34:11-56a1 and N.J.A.C. § 12:46-2.1.

75. At all relevant times, Plaintiff and the Class were Defendants' employees within the meaning of the NJWHL, N.J.S.A. § 34:11-56a1 and N.J.A.C. § 12:46-2.1.

76. During Plaintiff's employment with Defendants, Defendants failed to pay Plaintiff and the Class the applicable overtime premium at the rate of one and one half (1.5) times the regular rate as required under N.J.A.C. 12:56-6.1.

77. Defendants' failure to pay Plaintiff and the Class the applicable overtime premium was willful and without a good faith basis to believe that Defendants were in compliance with the law.

78. As a result of Defendants' failure to pay, Plaintiff and the Class suffered damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, individually and on behalf of all other similarly situated persons including the members of the Class, respectfully request that this Court grant the following relief:

a. Declaration that Defendants' practices complained herein were unlawful practices;

b. Declaration that each and every Defendant are individually, jointly, and severally liable for each of their violations of Fair Labor Standards Act, the New Jersey Wage and Hour Law, and regulations promulgated under these statutes;

c. Declaration that Defendants' violations of the Fair Labor Standards Act were willful within the meaning of 29 U.S.C. § 255(a);

d. Declaration that Defendants are liable to Plaintiff and the members of the Class for unpaid overtime premium pursuant to the Fair Labor Standards Act and its supporting regulations;

e. Declaration that Defendants are liable to Plaintiff and the members of the Class for liquidated damages in an amount equal to one hundred percent (100%) of the total underpayment found to be due under the FLSA and NJWHL and their supporting regulations, including unpaid overtime premium and unpaid spread of hours premium;

f. Declaration that Plaintiff and the members of the Class are entitled to collect reasonable attorney's fees and costs incurred in this litigation from Defendants;

g. Declaration that Plaintiff and the members of the Class are entitled to collect prejudgment interest; and

h. Such other statutory and equitable relief as this Court shall deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Dated: Palisades Park, New Jersey  
September 30, 2019

Respectfully submitted,

By: _/s/ Seokchan Kwak_____  
KIM, CHO & LIM, LLC  
Seokchan Kwak, Esq.  
460 Bergen Boulevard, Suite 305  
Palisades Park, NJ 07650  
Tel: (201) 585-7400  
Fax: (201) 585-7422  
seankwak@kcllawfirm.com  
*Attorneys for Plaintiff*